BOROUGH CUT STONE CO. v. BRIGGS AVE. REALTY CO.

(Supreme Court, Appellate Term. February 18, 1910.)

1. CONTRACTS (§ 323*)—BUILDING CONTRACT—TERMINATION—DELAY—QUESTION FOR JURY.

Where defendant terminated plaintiff's contract for the performance of certain stonework on a building, whether plaintiff proceeded with the work with reasonable expedition, so as to render defendant's termination of the contract a breach thereof, *held* for the jury.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1544; Dec. Dig. § 323.*]

2. WORK AND LABOR (§ 24*)—VALUE OF WORK—EVIDENCE.

In an action for the reasonable value of work and labor performed under a contract which defendant terminated for plaintiff's alleged unreasonable delay, plaintiff could not recover for the value of stone which plaintiff cut for the stoops, but did not use because of the termination of the contract, without proof of the value thereof.

[Ed. Note.—For other cases, see Work and Labor, Dec. Dig. § 24.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Borough Cut Stone Company against the Briggs Avenue Realty Company. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Paul M. Crandall, for appellant.
Milton Mayer, for respondent.

BIJUR, J. The complaint is so vague as to the precise cause of action sued upon as to make it necessary to refer to the testimony. It was proved that plaintiff agreed to do certain stonework on defendant's buildings, for which it was to be paid $300 when the work was finished up to the cornices, $250 when the stoops were set, and $100 30 days after the whole work was cleaned up. When plaintiff thought it was entitled to the $300, it demanded the same, but accepted $225. At the same time defendant served a notice on plaintiff, requiring the erection of the stoops forthwith. Plaintiff immediately

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made measurements for the stoops and proceeded to cut the stone, but some two weeks later abandoned the work, on finding that defendant had contracted with another stonecutter, who was actually installing the stoops. Plaintiff proved, also, that the work it had installed was worth $375, but as to the stone cut for the stoops it gave no evidence of cost or value, except that it would have cost from $200 to $250 to have made and installed the stoops.

Defendant made no motion to dismiss, or for direction of a verdict, at any stage of the case. It contented itself with moving for a new trial on the grounds specified in section 254 of the Municipal Court act (Laws 1902, c. 580). Manifestly it was for the jury to determine whether the plaintiff had proceeded with the stoop work with reasonable expedition or not, namely, whether plaintiff or defendant had committed the breach of contract, and their verdict and the corresponding judgment in favor of the plaintiff should not be disturbed.

Apparently recovery was sought on the theory that plaintiff rescinded after the breach, and sued for the value of the work done. This, according to the testimony, was $375, plus $25 extra work ordered, total $400, of which plaintiff had received but $225. The testimony in regard to the stoops and the stone which was cut therefor is totally insufficient to warrant the measure of any damages thereby. Consequently it is apparent that the verdict is excessive as to all above $175.

Judgment below reduced to $175 and costs, provided plaintiff consents to such modification within 10 days from the entry of this judgment, whereupon the judgment will be affirmed, as modified, with no costs of this appeal to either party; otherwise, judgment reversed, and new trial granted, with costs to abide the event. All concur.